IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSEPH SEMINARA <br> 5101 Coach Court <br> Huntingtown, Maryland 20639 <br> <br> PLAINTIFF, <br> <br> v. <br> <br> MARYLAND AND VIRGINIA <br> MILK PRODUCERS COOPERATIVE <br> ASSOCIATION, INC. <br> 1985 Isaac Newton Square <br> West Reston, Virginia 20910 <br> <br> Serve: Alex Menendez, Esq. <br> 9114 Fairview Road <br> Silver Spring, MD <br> <br> DEFENDANT | * <br> * <br> * <br> * <br> * <br> * <br> * Case No: <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

Plaintiff Joseph Seminara ("Plaintiff"), by and through undersigned counsel, hereby submits his Complaint against Defendant Maryland and Virginia Milk Producers Cooperative Association, Incorporated (hereinafter "MPCA" or "Defendant") to recover unpaid wages, liquidated damages, reasonable attorneys' fees, and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. (hereinafter "FLSA"), for unpaid wages, liquidated damages, interest, reasonable attorneys' fees, and costs under the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq*. (hereinafter "MWHL"), and to recover unpaid wages, liquidated damages, interest,

reasonable attorneys' fees, and costs under the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501 *et seq*.

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of Maryland.

2. By acting as the named Plaintiff in this action, Plaintiff does hereby submit his written consent to participate in this action seeking recovery of unpaid wages and damages under the FLSA, MWHL, and MWPCL.

3. MPCA is a corporation formed under the laws of the State of Virginia with its principal office in West Reston, Virginia.

4. At all times relevant to this action (January 22, 2018 through the Present, hereinafter the "relevant period"), MPCA operated continuously in the State of Maryland and nearby states and had at least one dairy/plant located in Maryland, producing milk and other dairy related products.

5. Plaintiff worked for MPCA in a dairy/plant located in Landover, Maryland.

6. At all times relevant to this action, MPCA had gross sales and/or revenue exceeding $500,000.00 and otherwise qualified as an enterprise engaged in interstate commerce within the meaning of the FLSA.

7. At all times relevant to this action, MPCA was Plaintiff's employer within the meaning of the FLSA, MWHL, and MWPCL.

8. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28

U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.  Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTS

9. Plaintiff is currently employed by Defendant and has been employed by Defendant since Defendant purchased the milk plant where Plaintiff worked at on or about March 2006.

10. During the relevant period, Plaintiff was employed by Defendant in the State of Maryland as a "production supervisor".

11. At no time during Plaintiff's period of employment did Plaintiff perform work duties making Plaintiff exempt from the time-and-one-half overtime compensation requirement of the FLSA or Maryland law.

12. While Plaintiff's hours varied week to week over the relevant period, Plaintiff customarily works in excess of fifty (50) hours a week.

13. At all times throughout the course of employment, Defendant had knowledge that Plaintiff typically works and worked in excess of fifty (50) hours per week on average or suffered or permitted the Plaintiff to work in excess of fifty (50) hours per week on average.

14. On information and belief, Defendant kept records of the hours each Plaintiff worked.

15. At all times, Defendant has only paid wages Plaintiff for forty (40) hours a week (or for the equivalent of eight-six and 67/100 (86.67) hours bimonthly) regardless of the amount of compensable time Plaintiff worked or works each pay period.

16.     Defendant paid no wages to Plaintiff for compensable work performed for Defendant's benefit in excess of forty (40) hours per week.

17.     Defendant failed to compensate Plaintiff at the rate of one-and-one half (1½) times his regular rate of pay for hours worked each week in excess of forty (40) as required by the FLSA and Maryland law.

18.     At all times, Defendant has had actual knowledge of the FLSA and Maryland time-and-one-half overtime compensation requirement for employees working overtime in excess of forty (40) hours per week.

19.     On information and belief, Defendant has had actual knowledge that Plaintiff was owed and should have been paid at the time-and-one-half overtime compensation rate for overtime Plaintiff worked and works in excess of forty (40) hours per week.

20.     On information and belief, Defendant has and had actual knowledge that its failure to pay Plaintiff at the time-and-one-half overtime compensation rate for overtime Plaintiff worked and works in excess of forty (40) hours per week was and is in direct violation of the FLSA and Maryland law.

21.     On information and belief, Defendant knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice of failing to pay Plaintiff proper overtime compensation as required by the FLSA and Maryland law.

## CAUSES OF ACTION

### COUNT I
**(Violation of Federal Fair Labor Standards Act - Overtime)**

22.     Plaintiff realleges and reasserts each allegation set forth above, as if each were set forth herein.

23. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one-and-one-half (1½) times the regular rate at which he is employed."

24. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was their "employers" under FLSA, 29 U.S.C. § 207(a)(2).

25. As an employer of Plaintiff, Defendant was obligated to compensate the Plaintiff at the overtime rate of one-and-one-half (1½) times his regular rate for all overtime worked per week in excess of forty (40) hours.

26. As set forth above, while in Defendant's employ, Plaintiff customarily worked ten (10) or more overtime hours in excess of forty (40) hours per week.

27. As set forth above, Defendant failed and refused to compensate Plaintiff at the FLSA required overtime rate equal to one-and-one-half (1½) times Plaintiff's regularly hourly rate for overtime worked over forty (40) hours each week.

28. Defendant's failure and refusal to pay Plaintiff as required by the FLSA was willful and intentional and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for all unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post- judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
**(Violation of Maryland Wage and Hour Law)**

29. Plaintiff realleges and reasserts each allegation set forth above, as if each were set forth herein.

30. Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of MWHL.

31. As Plaintiff's "employer," Defendant was obligated to pay Plaintiff at the rate of one-and-one-half (1½) times Plaintiff's regular rate of pay for hours worked each week in excess of forty (40) as required by the MWHL.

32. While in Defendant's employ, Plaintiff worked many overtime hours in the State of Maryland but was not properly compensated by Defendant for those overtime hours worked.

33. Overtime pay is due and owing to Plaintiff under the MWHL.

34. Defendant's failure to pay Plaintiff for overtime hours worked as required by the MWHL was willful and intentional and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II for unpaid overtime wages in such amounts as are proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorneys' fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT III
**(Violation of the Maryland Wage Payment and Wage Collection Law)**

35. Plaintiff realleges and reasserts each allegation set forth above, as if each were set forth herein.

36. Plaintiff was an "employee" and Defendant was Plaintiff's "employer" within the meaning of the MWPCL.

37.     Under MWPCL, Defendant, as Plaintiff's employer, was obligated to pay Plaintiff all wages earned and due for work that Plaintiff performed in the State of Maryland.

38.     As set forth above, while in Defendant's employ, Plaintiff worked many hours in the State of Maryland for which Defendant failed to fully and/or properly compensate Plaintiff.

39.     Defendant's failure to timely and fully pay Plaintiff all wages due for work performed in the State of Maryland was willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and the Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff for all unpaid wages in such amounts to be proven at trial plus two (2x) times the amount of unpaid and/or improperly deducted wages as additional damages (for a total of treble damages) plus interest (both pre- and post-judgment), attorneys' fees, costs, and any other further relief this Court deems appropriate.

Respectfully submitted,

__/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, Esq. Bar No. 17291
__/s/ James E. Miller_____
James E. Miller, Esq., Bar No. 21519
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Telephone: (301) 587-9373
Fax: (240) 839 – 9142
Email: ggreenberg@zagfirm.com
             jmiller@zagfirm.com

*Counsel for Plaintiff*